ABRAHAM LINCOLN MABE, PLAINTIFF, v. WILLIAM CLYDE GREEN, RUTH TEAGUE O'QUINN, AND DANIEL HALFORD O'QUINN, DEFENDANTS.

(Filed 3 May, 1967.)

**1. Automobiles §§ 35, 43—**
   Allegations *held* to show that sole proximate cause of accident was negligence of one defendant in making left turn across line of travel of second defendant.

**2. Pleadings § 21.1—**
   Upon sustaining a demurrer for failure of the complaint to allege a cause of action, the action should not be dismissed until the pleader has had opportunity to amend. G.S. 1-131.

APPEAL by plaintiff from *Johnston, J.,* October 24, 1966 Civil Session of RANDOLPH.

Action for personal injuries, heard on a demurrer to the complaint.

Except as quoted, the complaint is summarized as follows: On January 29, 1965, at 2:30 p.m., plaintiff was a passenger in the Chevrolet automobile owned and operated by defendant Green, who was traveling northwardly on U. S. Highway No. 220, approaching its intersection with N. C. Highway No. 705. At the same time, defendant Ruth Teague O'Quinn, operating the Ford automobile belonging to her husband, defendant Daniel Halford O'Quinn, was also approaching this intersection. She was traveling south. As a result of the joint and concurring negligence of Green and Mrs. O'Quinn, the two cars collided in the intersection, and plaintiff was injured. Defendant Green was negligent in that he operated his Chevrolet carelessly and heedlessly in violation of G.S. 20-140, without keeping it under proper control, without keeping a proper lookout, and at an illegal rate of speed. Mrs. O'Quinn was negligent in these same respects and also in that:

> "She violated G.S. 20-154 . . . in that while proceeding southward she turned across the right hand lane of traffic proceeding north and more particularly she turned immediately in front of the automobile being operated by William Clyde Green at an excessive rate of speed without first giving the proper signal and ascertaining that such a left hand movement could be made in safety."

When this case was called for trial, defendant Green demurred *ore tenus* to the complaint for that it alleges no facts constituting actionable negligence on his part and affirmatively discloses that the conduct of Mrs. O'Quinn was the sole proximate cause of the collision and plaintiff's resulting injuries. Judge Johnston sustained the demurrer and entered an order dismissing the action as to defendant Green. Plaintiff appeals.

*Ottway Burton for plaintiff appellant.*
*Cooke & Cooke for William Clyde Green, defendant appellee.*

PER CURIAM. The ruling of the court sustaining the demurrer is affirmed under the authority of *Hout v. Harvell, ante,* at 274, ...... S.E. 2d ........ The court erred, however, in dismissing the action as to defendant Green. Plaintiff was entitled to move under G.S. 1-131 for leave to amend. The record shows no such motion and contains

no order denying such permission. In the event plaintiff fails to apply for and to obtain leave to amend within the time allowed by G.S. 1-131, defendant Green will then be entitled to a judgment dismissing the action as to him.

Error and remanded.